**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT ROY GOFF,

Petitioner - Appellant,

v.

JEFF PREMO,

Respondent - Appellee.

No. 11-35651

D.C. No. 3:09-cv-00237-ST

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted July 11, 2012
Portland, Oregon

Before: B. FLETCHER and PREGERSON, Circuit Judges, and WALTER, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Donald E. Walter, Senior District Judge for the U.S. District Court for Western Louisiana, sitting by designation.

Oregon state prisoner Robert Goff appeals from the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Goff was questioned by a Clackamas County Sheriff's Department Detective while he was in the hospital recovering from surgery. The Detective did not advise Goff of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Goff was not under arrest, but argues that he was in custody at the time of the questioning because he was not free to leave the hospital due to medical holds that hospital personnel had placed on him. Goff argues that the State's use of what he said to the Detective violated his Fifth and Fourteenth Amendment rights.

Statements obtained in violation of *Miranda* may be used at trial to impeach the defendant's testimony. *See Harris v. New York*, 401 U.S. 222, 224 (1971). Goff's statements to the Detective were used only to cross-examine Goff and in the State's rebuttal. The statements were not admissions of guilt and were used only to impeach Goff's prior testimony. Because the use of Goff's statements for impeachment was permissible, even if the statements were obtained in violation of

*Miranda*, there was no unreasonable application of Federal law as established by the Supreme Court of the United States.[1]  28 U.S.C. § 2254(d)(1).

Even if we were to conclude that Goff's statements should have been suppressed entirely, we would conclude that their use at trial did not have "a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also Anderson v. Terhune*, 516 F.3d 781, 792 (9th Cir. 2008) (en banc).  The victim's testimony at trial was corroborated by photos of the victim's injuries taken by police shortly after Goff assaulted her the first time and by testimony about a second assault from the victim's daughter and neighbor.  In addition, Goff essentially admitted his own guilt in letters that he wrote to the victim after the incidents.  The State also impeached Goff with his statements to another police officer, the admissibility of which Goff does not challenge.

We express no opinion as to the merits of Goff's argument that he was in custody for *Miranda* purposes when the Detective questioned him.

AFFIRMED.

---

[1]At oral argument, Goff's counsel asserted that the use of the statements for impeachment was impermissible under *State v. Isom*, 761 P.2d 524 (Or. 1988). Whatever the merits of this argument under state law, it is not a basis for federal habeas relief.